Karen COULTER, Plaintiff,

v.

NEWMONT GOLD CO.,
et al., Defendants.

No. CV–N–91–508–ECR.

United States District Court,
D. Nevada.

June 4, 1992.

Karen Coulter, in pro per.

Easterly & Armstrong by Eric G. Easterly, Elko, Nev., for plaintiff.

Raymond M. Deeny and Glenn H. Schlabs, Colorado Springs, Colo., and Margaret Crowley of Hill, Cassas & deLipkau, Reno, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., Senior District Judge.

Defendants filed a motion on March 16, 1992 to dismiss certain claims and to strike

Plaintiff's jury demand (document # 4). The case is basically a sexual harassment case under Title VII but includes three pendent state claims, two of which are at issue here. Defendants argue that Section 301 of the Labor Management Relations Act ("LMRA") pre-empts Plaintiff's third cause of action for breach of the covenant of good faith and fair dealing and possibly also pre-empts the second cause of action as well, for wrongful discharge. Defendants also argue that the second cause of action does not state a claim for wrongful discharge under Nevada law. Finally, Defendants argue that the Civil Rights Act of 1991 (the "1991 Act"), which changed some aspects of Title VII law, should not be applied retroactively to allow Plaintiff's jury demand.

Plaintiff argues that the 1991 Act should be applied retroactively to this case. She concedes, however, that her third cause of action (breach of the covenant of good faith) is preempted by § 301 of the LMRA. She also concedes that, if the court determines that the 1991 Act should be applied retroactively, her second cause of action (wrongful termination) should also be dismissed. If, however, the 1991 Act does not apply to this case, Plaintiff argues that her third claim states. a valid cause of action under Nevada law.

## I. RETROACTIVITY OF THE CIVIL RIGHTS ACT OF 1991

Since President Bush signed the 1991 Act into law last November, over fifty district courts have published opinions on the topic of the Act's possible retroactive effects. Four of those opinions are in the Ninth Circuit, including one from this district. *Sanders v. Culinary Workers Union Local No. 226*, 783 F.Supp. 531 (D.Nev.1992); *Lee v. Sullivan*, 787 F.Supp. 921 (N.D.Cal. 1992); *United States v. Dep't of Mental Health*, 785 F.Supp. 846 (E.D.Cal.1992);

*Stender v. Lucky Stores, Inc.*, 780 F.Supp. 1302 (N.D.Cal.1992).

All four of these courts within the Ninth Circuit have concluded that the 1991 Act *does* apply retroactively to pending cases. However, many district courts outside of the Ninth Circuit, and at least two circuit courts, have gone the other way.[1] Nevertheless, this court believes that the reasoning of the four courts within the Ninth Circuit is sound and mandated by present Ninth Circuit precedent. Therefore, the court concludes that the Civil Rights Act of 1991 applies retroactively to the case at bar.

### A. Tests for determining retroactivity

It is easy to explain why courts nationwide have split on the issue of the retroactivity of the 1991 Act: there is conflicting precedent from the Supreme Court concerning the test for retroactivity of a statute. Under *Bradley v. School Bd. of City of Richmond*, 416 U.S. 696, 716, 94 S.Ct. 2006, 2018, 40 L.Ed.2d 476 (1974), the court must presume that a statute applies retroactively to a pending case unless there is a clearly expressed congressional intent to the contrary or it would be manifestly unjust to apply the new statute.

Later, however, in *Bowen v. Georgetown University Hospital*, 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988), the Court stated that "[r]etroactivity is not favored in the law.... [C]ongressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result."[2]

As the cases from our fellow district courts in the Ninth Circuit indicate, the statutory language of the 1991 Act is ambiguous as to retroactivity, and the Congress, although it considered the issue, was unable to agree as to whether the statute

---

1. The court's research shows that the Sixth Circuit and the Eighth Circuit are the only two Courts of Appeals to date to have considered this issue. They have both concluded that the Act only applies prospectively. See *Fray v. Omaha World Herald Co.*, 960 F.2d 1370 (8th Cir.1992); *Vogel v. City of Cincinnati*, 959 F.2d 594 (6th Cir.1992).

2. The Supreme Court acknowledged the contradiction between *Bradley* and *Bowen* but expressly declined to resolve it. *Kaiser Aluminum & Chemical Corp. v. Bonjoro*, 494 U.S. 827, 836–37, 110 S.Ct. 1570, 1576, 108 L.Ed.2d 842 (1989).

should be applied retroactively. *Sanders,* 783 F.Supp. at 537–39; *Lee,* 787 F.Supp. at 930–32; *Dep't of Mental Health,* 785 F.Supp. at 849–51; *Stender,* 780 F.Supp. at 1303–06.[3] Thus, since the language and legislative history of the Act is inconclusive, the court must choose between apparently inconsistent Supreme Court precedents.

### B. *Bradley v. Bowen and the Ninth Circuit position*

■ As more than one court has realized, *Bradley* and *Bowen* cannot be reconciled. *See, e.g., Sanders,* 783 F.Supp. at 538. If one chooses the presumption in *Bradley,* the Act probably applies retroactively; if one chooses the *Bowen* presumption, the Act probably does not. Thus, the court's choice of precedents will be dispositive of the issue. This court follows the reasoning of the four other district courts within the Ninth Circuit to have decided the issue. All of these four courts have ruled that Ninth Circuit precedent indicates a preference to follow *Bradley.*

Although the Ninth Circuit has yet to explicitly decide between the *Bradley* and *Bowen* presumptions,[4] it appears that the Court already favors application of *Bradley.* The bulk of the recent cases have applied the *Bradley* presumption.[5] There is still confusion, however, since a few cases seem to have applied the *Bowen* presumption without explicitly citing that case. See *Norfolk Energy, Inc. v. Hodel,* 898 F.2d 1435, 1442 (9th Cir.1990); *Nelson v. Ada,* 878 F.2d 277, 280 (9th Cir.1989).

*FDIC v. New Hampshire Ins. Co.,* 953 F.2d 478 (9th Cir.1992) might be a step toward resolution of the problem. The Court in *FDIC* appeared to choose *Bradley* over *Bowen.* In so doing, it cited with favor authority that stated that the "manifest injustice" exception to the *Bradley* presumption should be construed to prevent the retroactive application of legislation defining or changing a party's substantive rights. *Id.* at 487. Thus, based on the numerous recent Ninth Circuit cases which have applied *Bradley,* and the opinion in *FDIC,* this court concludes that the *Bradley* presumption is law in the Ninth Circuit, with the one caveat being that any statute that changes the substantive rights of the parties is, by definition, "manifestly unjust." [6]

### C. *Application of the original Bradley presumption*

■ As stated above, the *Bradley* presumption indicates that a statute should be applied retroactively unless application will "result in manifest injustice." *Bradley,* 416 U.S. at 711, 94 S.Ct. at 2016. In order to determine whether retroactive application of a statute would result in "manifest injustice," the court must consider "(a) the nature and identity of the parties, (b) the nature of their rights, and (c) the nature of the impact of the change in law upon those rights." *Id.* at 717, 94 S.Ct. at 2019.

---

**3.** Sections 109(c) and 402 of the Act, which seem to be exceptions to retroactive application, lend support to the proposition that the Act itself implies retroactivity since, without it, these sections are rendered meaningless. See *Sanders,* 783 F.Supp. at 537; *Dep't of Mental Health,* 785 F.Supp. at 849–50; *Stender,* 780 F.Supp. at 1303–04. However, no explicit mention of retroactivity was made in the statute "[a]s a political compromise" necessary to ensure its enactment. *Dep't of Mental Health,* 785 F.Supp. at 851.

**4.** The Ninth Circuit has acknowledged that it has not explicitly resolved the *Bradley–Bowen* debate. See *Ayala–Chavez v. U.S. INS,* 945 F.2d 288, 295 n. 9 (9th Cir.1991).

**5.** See *Gonzalez v. Aloha Airlines, Inc.,* 940 F.2d 1312, 1316 (9th Cir.1991); *Northern Mariana Islands v. Kawano,* 917 F.2d 379, 381–82 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1116, 113 L.Ed.2d 224 (1991); *In re Pacific Far East Lines, Inc.,* 889 F.2d 242, 247 (9th Cir.1989); *Bryant v. Ford Motor Co.,* 886 F.2d 1526, 1528 (9th Cir.1989), *cert. denied,* 493 U.S. 1076, 110 S.Ct. 1126, 107 L.Ed.2d 1033 (1990); *Kruso v. Int'l Telephone & Telegraph Corp.,* 872 F.2d 1416, 1425 (9th Cir.1989), *cert. denied,* 496 U.S. 937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990).

**6.** At least one other district court has reached this exact conclusion. *Lee,* 787 F.Supp. at 930–33. The other three district courts in the Ninth Circuit to consider the *Bradley–Bowen* issue all agree that the Circuit favors *Bradley. Sanders,* 783 F.Supp. at 538; *Dep't of Mental Health,* 785 F.Supp. at 852; *Stender,* 780 F.Supp. at 1306–07.

Three of the district courts in this Circuit have considered this formula and all have concluded that retroactive application of the 1991 Act is not manifestly unjust. *Sanders,* 783 F.Supp. at 539; *Stender,* 780 F.Supp. at 1307–08; *Lee,* 787 F.Supp. at 933–36.

■ As to the first factor, the *Bradley* court cautioned against strict application against private litigants, however, retroactive application is favored where matters of "great national concern" are at issue. When it comes to the 1991 Act, "[a]lthough this case involves private parties, it also concerns matters of great public concern—remedying race and sex discrimination and promoting equality. Thus, this first factor weighs in favor of retroactive application of the 1991 Civil Rights Act." *Stender,* 780 F.Supp. at 1307. See also *Sanders,* 783 F.Supp. at 539.

The second prong of the *Bradley* manifest injustice test focuses on whether retroactive application would "infringe upon or deprive a person of a right that had matured or become unconditional." *Bradley,* 416 U.S. at 720, 94 S.Ct. at 2020. As other courts have amply pointed out, nothing in the 1991 Act deprives any party of a mature or unconditional right. See *Sanders,* 783 F.Supp. at 539; *Stender,* 780 F.Supp. at 1307–08, and citations therein.

Finally, the third prong of the test is not made out since the 1991 Act did not change what conduct was illegal under Title VII. See *Sanders,* 783 F.Supp. at 539; *Stender,* 780 F.Supp. at 1308.

### D. *Has there been a "substantive" change in the law?*

As discussed above, the Ninth Circuit's recent opinion in *FDIC v. New Hampshire Ins. Co.* implies that the retroactive application of any statute that changes substantive law is manifestly unjust. The portion of the 1991 Act clearly at issue in this

discussion is section 102 which authorizes plaintiffs to seek compensatory damages in Title VII actions and provides for the right to trial by jury. Civil Rights Act of 1991 § 102, 42 U.S.C. § 1981a.

■ First, it is well-established that the right to jury trial is a procedural right, not a substantive one. *Wabol v. Villacrusis,* 908 F.2d 411, 421 (9th Cir.1990). Second, the purpose of the 1991 Act was to legislatively reverse or modify many Supreme Court cases and return Title VII law to its pre–1989 status. See *Stender,* 780 F.Supp. at 1305–06 and nn. 9–13.[7] As such, it did not effect a change in the substantive law of employment discrimination. Section 102 simply added a new remedy—compensatory damages. Defendants have no unconditional right to limit plaintiffs to a certain type of remedy, and retroactive application of penalty-enhancing laws has been approved by the Supreme Court. *Stender,* 780 F.Supp. at 1307–08 and citations therein. Also, where "Congress enacts [a] statute to clarify the Supreme Court's interpretation of previous legislation thereby returning the law to its previous posture," the statute must be applied retroactively. *Ayers v. Allain,* 893 F.2d 732, 754–55 (5th Cir.), *vacated on other grounds,* 914 F.2d 676 (5th Cir.1990) (en banc), *cert. granted on other grounds,* — U.S. ——, 111 S.Ct. 1579, 113 L.Ed.2d 644 (1991).

### E. *Conclusion*

■ Since no conclusive language appears in the legislative history or the text of the Act itself, the court must resort to general rules pertaining to the statutory retroactivity in order to determine if the 1991 Act should be applied retroactively in this case. The Ninth Circuit seems to favor the *Brady* presumption in favor of retroactive application, so long as retroactivity will not adversely affect substantive rights. The court finds that the provisions of the 1991 Act do not fit under any of the

---

**7.** The Act was meant to modify *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), and reverse the following cases: *West Virginia Univ. Hospital v. Casey,* —— U.S. ——, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991); *Patterson v. McLean Credit Union,* 491

U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989); *Lorance v. AT & T Technologies, Inc.,* 490 U.S. 900, 109 S.Ct. 2261, 104 L.Ed.2d 961 (1989); *Martin v. Wilks,* 490 U.S. 755, 109 S.Ct. 2180, 104 L.Ed.2d 835 (1989).

*Brady* exceptions, nor do they impact on the substantive rights of the parties. All other published opinions within the Ninth Circuit concur in this result. Therefore, the 1991 Act should be applied retroactively in this case.[8] As such, Plaintiff is entitled to a jury trial and her jury demand will not be stricken.

## II. THE WRONGFUL TERMINATION/PUBLIC POLICY CLAIM

In Nevada, wrongful (or "tortious") discharge for violation for public policy will not lie where tort-like damages are otherwise available to the employee/plaintiff and where an adequate statutory scheme exists that would cover the employee's dispute. *D'Angelo v. Gardner,* 107 Nev. 704, 819 P.2d 206, 217–18 (1991). Both parties agree that Title VII is a comprehensive statutory scheme, but Plaintiff believes that only with the 1991 Act amendments does the Title also provide adequate tort-like damages. However, since the court now rules that the 1991 Act should be applied retroactively to this case, Plaintiff agrees that her wrongful discharge claim should be dismissed. The court will dismiss the second cause of action for wrongful discharge.[9]

## III. THE VIOLATION OF THE GOOD FAITH COVENANT CLAIM

Both parties (and the court) agree that Plaintiff's third cause of action, for violation of the covenant of good faith and fair dealing, is pre-empted by § 301 of the LRMA. That claim will also be dismissed.

IT IS, THEREFORE, HEREBY ORDERED that Defendants' motion to strike jury demand (document # 4) is DENIED.

The Civil Rights Act of 1991 will apply retroactively to this case.

IT IS FURTHER ORDERED that Defendants' motion to dismiss the second and third causes of action (document # 4) in the complaint is GRANTED.

---

**8.** The court also notes the fact that the EEOC has determined that the 1991 Act should only apply prospectively. *Daily Lab. Rep. (BNA)* (Jan. 2, 1991). However, a court need not defer to an agency determination unless the agency has expertise or special knowledge in the area. *Flores v. Meese,* 942 F.2d 1352, 1362 (9th Cir. 1991) (en banc), *cert. granted on other grounds, Barr v. Flores,* — U.S. —, 112 S.Ct. 1261, 117 L.Ed.2d 490 (1992). Questions of law concerning statutory construction are for the courts to determine de novo. *INS v. Cardoza–Fonseca,* 480 U.S. 421, 446, 107 S.Ct. 1207, 1221, 94 L.Ed.2d 434 (1987); *Ayala–Chavez,* 945 F.2d at 294. See also *Lee,* 787 F.Supp. at 936–37; *Stender,* 780 F.Supp. at 1305 n. 8 (President's interpretation not controlling because of separation of powers between executive and judicial branches).

**9.** A good case can also be made for the proposition that the wrongful discharge claim is preempted by the LMRA § 301. The court need not reach that issue here.