**Delphine Edwards GOLDSMITH, Plaintiff,**

v.

**CITY OF ATMORE, and Howard Shell, individually and in his official capacity as Mayor of the City of Atmore, Defendants.**

Civ. A. No. 90–0653–B.

United States District Court, S.D. Alabama, S.D.

Jan. 15, 1992.

Ronnie L. Williams, Mobile, Ala., for plaintiff.

Susan W. Reeves, Birmingham, Ala., for defendants.

MEMORANDUM OPINION
AND ORDER

BUTLER, District Judge.

This matter is before the Court on plaintiff's motion to amend both the complaint and the pretrial order to state a claim for compensatory and punitive damages under the Civil Rights Act of 1991, Pub.L. No. 102–166, 105 Stat. 1071, ("the Act") which became law during the pendency of this action. Defendants oppose the motion on the ground that the Act is not retroactive. For the reasons stated below, the Court finds that the Act does apply to this action and, therefore, plaintiff's motion is due to be granted.

The facts of this case have been set out in this Court's order on summary judgment and need not be restated here. Plaintiff has abandoned any claims of racial discrimination against either defendant and proceeds only on her claim of retaliatory transfer. Her claim against the City is based on 42 U.S.C. § 2000e ("Title VII") while her claim against Mayor Shell is based on 42 U.S.C. § 1983. The Court granted summary judgment in favor of both defendants and against the plaintiffs on claims based on 42 U.S.C. § 1981.

The issue now before the Court, whether the Civil Rights Act of 1991 should be applied retroactively, is an issue which Congress decided not to decide. As Judge Babcock noted in *Hansel v. Public Service Company,* 778 F.Supp. 1126, 1136 (D.Col. 1991):

A review of the legislative history confirms that Congress was anything but clear on whether the Act would apply to pending cases. The main Senate sponsors of the Act, Senators Danforth and Kennedy, issued a joint "interpretive memoranda" in which they agreed on every issue except retroactivity 137 Cong.Rec. S 15483 (Oct. 30, 1991). The republican senators lined up behind Sena-

tor Danforth, asserting that the Act was not intended to be retroactive. The democratic senators lined up behind Senator Kennedy, asserting that the Act was intended to be retroactive. 137 Cong.Rec. S 15485 (Oct. 30, 1991).

Judicial precedent is not much clearer on the issue of the retroactive application of legislation to pending cases. *See Kaiser Aluminum & Chemical Corporation v. Bonjorno,* 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990) (recognizing that there are inconsistent precedents regarding retroactive application of laws). *Compare Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988) (indicating that statutes should be presumed *not* to apply retroactively) with *Bradley v. School Bd. of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974) (application presumed to be retroactive unless it would result in manifest injustice). In *United States v. Peppertree Apartments,* 942 F.2d 1555 (11th Cir.1991), the Eleventh Circuit, acknowledging these conflicting precedents, clearly stated the rule in this circuit: "[U]nless otherwise directed by the United States Supreme Court or the Eleventh Circuit en banc, we are bound by precedent to follow the *Bradley* analysis." *Id.* at 1561 n. 3.

Neither has there been any consensus among the few district courts that have addressed the applicability of the Act to pending cases.[1] In both *Mojica v. Gannett Co.,* 779 F.Supp. 94 (N.D.Ill.1991), and *King v. Shelby Medical Ctr.,* 779 F.Supp. 157 (N.D.Ala.1991) the courts, applying *Bradley,* held the Act to be retroactive. Conversely, in *Hansel v. Public Service Company,* 778 F.Supp. 1126 (D.Col.1991) the court, following *Bowen,* held that the Act was not retroactive.

Following the Eleventh Circuit decision in *Peppertree,* this Court is bound by *Bradley* and must "apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice, or there is statutory direction or legislative history to the contrary." *Bradley,* 416 U.S. at 711, 94 S.Ct. at 2016. Since neither the Act nor the legislative history provide any clear directive on retroactive application, the only remaining issue is whether manifest injustice would result from application of the Act in this instance. *Bradley* sets forth three factors to guide the Court in determining whether manifest injustice would result:

> (a) the nature and identity of the parties, (b) the nature of their rights and (c) the nature of the impact of the change in law upon these rights.

*Id.* at 717, 94 S.Ct. at 2019.

These factors were thoroughly addressed by Judge Hart in *Mojica.* This Court agrees that all three factors favor plaintiff. The first factor favors retroactivity no matter who the parties may be. As Judge Hart noted, the issue of discrimination is of such importance that "the public component of the dispute between the parties cannot be ignored." *Mojica* at 98.

The second and third factors are closely related in this case. The second factor focuses on whether retroactive application would deprive a person of a "matured or unconditional right." *Bradley,* 416 U.S. at 720, 94 S.Ct. at 2020. The third factor arises "from the possibility that new and unanticipated obligations may be imposed upon a party without notice and an opportunity to be heard." *Id.*

The conduct at issue in this action occurred at a time when retaliation was prohibited under section 1981. *See Sherman v. Burke Contracting,* 891 F.2d 1527, 1535

---

1. The cases cited below are the only reported cases located by the Court. Apparently, a few other courts have also considered the retroactivity issue in unreported opinions and have been equally divided. According to a recent newspaper report, "Over the last several weeks, judges in Chicago, Harrisburg, Pa. and Houston have ruled [that the Act does apply to pending cases]. In contrast, courts in Atlanta, Denver and the District of Columbia have taken the opposite view." Steven A. Holmes, *Lawyers Expect Ambiguities in New Rights Law to Bring Years of Lawsuits,* N.Y. Times, Dec. 27, 1991 at A20. In addition, defendants have recently supplied the Court with a copy of an order entered in *Marable v. Buffalo Rock Co.,* No. 91–PT–2053 (N.D.Ala. Dec. 13, 1991) in which Judge Propst also held the Act to be applicable to pending cases.

n. 17 (11th Cir.1990). *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), which substantially limited a plaintiff's cause of action under section 1981, was decided *after* the events that form the basis for plaintiff's complaint. In addition, "the conduct alleged was always prohibited by Title VII even if not by section 1981 to the extent *Patterson* was in force." *Mojica* at 98. Thus the Act neither deprives defendants of a matured right nor imposes a new and unanticipated obligation.

For the foregoing reasons the Court finds that the plaintiff is entitled to assert a claim under the Civil Rights Act of 1991 and 42 U.S.C. § 1981. Accordingly, it is ORDERED that plaintiff's motion to amend her complaint and the pretrial order be and hereby is GRANTED.