**Cynthia K. LEACH, Plaintiff,**

v.

**NORTHERN TELECOM, INC., Defendant.**

**No. 90–731–CIV–5–BR.**

United States District Court, E.D. North Carolina, Raleigh Division.

Jan. 17, 1992.

See also 141 F.R.D. 420.

Robert J. Willis, Jones, Avery & Willis, Raleigh, N.C., for plaintiff.

Gretchen W. Ewalt, Frank P. Ward, Jr., Maupin, Taylor, Ellis & Adams, Raleigh, N.C., for defendant.

## ORDER

BRITT, District Judge.

This matter is before the court on plaintiff's motion for leave to amend her complaint. The motion has been thoroughly briefed and is now ripe for ruling.

The issue at the heart of this motion is whether the Civil Rights Act of 1991 applies retroactively to pending litigation. In its 2 December 1991 order, the court stated that the Act does apply to pending litigation and therefore invited plaintiff to file the instant motion to amend her complaint. Nevertheless, before granting the motion, the court will take a second look at the issue, as it has become a rather hot topic in the federal courts.

To date, at least nine other federal district courts have considered this question. Five courts have ruled that the Act does apply retroactively. *See Stender v. Lucky Stores, Inc.,* No. C–88–1467 (N.D.Cal. Dec. 19, 1991); *King v. Shelby Medical Ctr.,* 779 F.Supp. 157 (N.D.Ala.1991); *Davis v. Tri–State Mack Distr., Inc.,* No. LR–C–89–912, 1991 WL 316891 (E.D.Ark. Dec. 16, 1991); *La Cour v. Harris County,* No. H–89–1532, 1991 WL 321020 (S.D.Tex. Dec. 6, 1991); *Mojica v. Gannett Co., Inc.,* 779 F.Supp. 94 (N.D.Ill.1991). Four courts have ruled that it does not. *See Van Meter v. Barr,* 778 F.Supp. 83 (D.D.C.1991); *Hansel v. Public Service Co. of Colorado,* 778 F.Supp. 1126 (D.Col.1991); *Alexandre v. AMP, Inc.,* No. 1:CV–90–0868, 1991 WL 322947 (M.D.Pa. Dec. 5, 1991); *James v. American Int'l Recovery, Inc.,* No. 1:89–CV321, 1991 WL 281734 (N.D.Ga. Dec. 3, 1991). Additionally, the EEOC has weighed in with a formal policy statement that the Act does not apply retroactively. This statement is now the subject of a lawsuit filed by the National Treasury Employees Union in the Northern District of California.

It is obvious to the court from reviewing these cases that there are good arguments on both sides of this issue and that the federal courts will continue to come down on both sides of it until the Supreme Court ultimately settles the matter once and for all. It is equally obvious to the court that the Supreme Court, as soon as it is presented with the opportunity, will do precisely that.

With this background, the court finds itself in a position to do one of three things: 1) analyze the murky issues surrounding retroactivity and come to what it believes is the correct answer; 2) attempt to predict what the Supreme Court will ultimately decide; or 3) arrive at a decision which, regardless of how the issue is ultimately resolved, will make the most efficient use of judicial time and resources. The court concludes that the third approach is the wisest because no matter how detailed an analysis it makes, and no matter how valiantly it attempts to predict what the Supreme Court will ultimately decide, the likelihood is great that it will arrive at the wrong decision (as have at least four federal courts already).

The pragmatic approach begins with the assumption that the court will decide the issue incorrectly—for if it decides it correctly, no judicial time or resources will be wasted. Assuming the court decides the issue incorrectly, will it be more efficient to apply the Act or not to apply the Act? If the Act is applied, plaintiff will be allowed to amend her complaint, will be permitted to seek compensatory and punitive dam-

ages, and will be entitled to and will have a jury trial. If she prevails and the judgment is later reversed because the court decided the retroactivity issue incorrectly, the court can then obtain a copy of the transcript and all exhibits, make a de novo review, and arrive at its own findings of fact and conclusions of law in accordance with the pre-Act provisions of Title VII. The waste of judicial time and resources will be fairly minimal. Moreover, if defendant prevails at the jury trial, this issue will disappear from the litigation.

Alternatively, if the Act is not applied, plaintiff will not be permitted to amend her complaint to seek compensatory or punitive damages and she will not be entitled to a jury trial. Instead, the case will proceed to a bench trial in accordance with Title VII's pre-Act provisions after which the court will make findings of fact and conclusions of law. If plaintiff appeals and the judgment is later reversed because the court decided the retroactivity issue incorrectly, this entire litigation will be returned to precisely the same point it is at now: plaintiff will then amend her complaint, a pretrial conference will be conducted, a jury selected, and the case tried a second time in its entirety, this time to a jury. The waste of judicial time and resources will be significant, as will be the waste of attorney time—potentially taxed to the losing party—witness time, and litigant time. Moreover, this analysis applies irrespective of who prevails at the bench trial because even if plaintiff prevails, if the court has wrongly denied her a jury trial on compensatory and punitive damages, nothing short of a second trial before a jury can correct that error.

Thus, from the standpoint of judicial efficiency, the court concludes that the wisest course of action is to allow plaintiff to proceed under the provisions of the Civil Rights Act of 1991. Consequently, plaintiff's motion for leave to amend is hereby GRANTED. Plaintiff has already filed her amended complaint and it now supplants her original complaint. Defendant may file an amended answer, should it choose to do so, by 3 February 1992.