**Laura AUTREY, Rita Schroeder, Plaintiffs,**

**v.**

**POTLATCH CORPORATION, Defendant.**

**No. C–89–3695–SBA.**

United States District Court, N.D. California.

Aug. 18, 1992.

Louis Highman, Lawrence Ball, Bruce Highman, San Francisco, Cal., for plaintiffs.

Hanson, Bridgett, Marcus, Vlahos & Rudy, Jerrold C. Schaefer, Patrick M. Glenn, San Francisco, Cal., for defendant.

**1.** When plaintiffs initially filed this action, Congress had not yet passed the 1991 Act, which now allows a plaintiff to seek compensatory and punitive damages in cases of intentional employment discrimination. Schroeder now seeks to apply the new damage provisions of the 1991 Act to her pending case.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUEST FOR LEAVE TO AMEND

ARMSTRONG, District Judge.

**I**

**BACKGROUND**

On October 10, 1989, plaintiffs Laura Autrey ("Autrey") and Rita Schroeder ("Schroeder") filed a gender discrimination action against defendant Potlatch Corporation ("Potlatch") pursuant to Title VII of the Civil Rights Act of 1964, as well as California Government Code § 12940 *et seq.,* Article I, Section 8 of the California Constitution, and California Civil Code § 51.7. Since the filing of this action, Autrey has settled her case with Potlatch and now seeks leave to amend the complaint to reflect the dismissal of her allegations and claims against defendant. Schroeder also seeks leave to amend the complaint in order to add a demand for compensatory and punitive damages, pursuant to sections 102(a) and (b) of the Civil Rights Act of 1991 ("the 1991 Act"), in her Title VII claim.[1]

Although defendant does not oppose plaintiffs' desire to remove Laura Autrey as a party to this litigation, it does oppose the retroactive application of the 1991 Act to this action. Defendant argues that the 1991 Act is only to be applied prospectively, and therefore, the Court should not allow Schroeder to add a prayer for compensatory and punitive damages in her Title VII claim. Consequently, the issue before this Court is whether section 102 of the Civil Rights Act of 1991 applies retroactively to cases pending at the time of its enactment on November 21, 1991. For the reasons set forth below, the Court concludes that the 1991 Act is to be applied prospectively, and therefore, grants plaintiffs partial leave to amend their complaint.[2]

**2.** Pursuant to Northern District Local Rule 220–1, the Court adjudicates this motion without oral argument.

## II

## DISCUSSION

### A. *Statutory Interpretation*

"The starting point for interpretation of a statute 'is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.'" *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 835, 110 S.Ct. 1570, 1575, 108 L.Ed.2d 842 (1990) (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)). In the present case, the language of the 1991 Act does not specifically resolve the question of retroactivity. Section 402(a) of the 1991 Act merely states that, "[e]xcept as otherwise specifically provided, this Act and the amendments made by this Act shall take effect upon enactment." The fact that the 1991 Act becomes effective on the date of its enactment provides no guidance as to whether the 1991 Act applies to pending cases. Indeed, this provision is susceptible to several interpretations. As the Sixth Circuit noted:

> [This clause] could be construed to mean either that the Act should be applied to any charge or case pending on or after the date of enactment, or that it should be applied only to conduct occurring after that date.

*Vogel v. City of Cincinnati*, 959 F.2d 594, 598 (9th Cir.1992). Consequently, the ambiguous language in section 402(a) provides no direction to this Court on whether to apply the 1991 Act retroactively or prospectively.

Nonetheless, in interpreting the 1991 Act, some courts have inferred from sections 402(b) and 109(c) that the 1991 Act should be applied retroactively. *See, e.g., Stender v. Lucky Stores, Inc.*, 780 F.Supp. 1302, 1303–04 (N.D.Cal.1992); *Sanders v. Culinary Workers Union Local No. 226*, 783 F.Supp. 531, 537 (D.Nev.1992). Section 402(b) declares:

> Notwithstanding any other provision of this Act, nothing in this Act shall apply to any disparate impact case for which a complaint was filed before March 1, 1975 and for which an initial decision was rendered after October 30, 1983.

In addition, section 109(c) provides:

> The amendments made by this section shall not apply with respect to conduct occurring before the date of the enactment of this Act.

In reaching their decision, both the *Stender* and *Sanders* courts rely on the Supreme Court's holding that "no provision [of a statute] should be construed to be entirely redundant." *Kungys v. U.S.*, 485 U.S. 759, 778, 108 S.Ct. 1537, 1550, 99 L.Ed.2d 839 (1988); *see also Arcadia v. Ohio Power Co.*, 498 U.S. 73, ——, 111 S.Ct. 415, 419, 112 L.Ed.2d 374 (1990), *reh'g denied*, —— U.S. ——, 111 S.Ct. 804, 112 L.Ed.2d 865 (1991). Furthermore, the Supreme Court has expressed a hesitancy "to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law." *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 837, 108 S.Ct. 2182, 2189, 100 L.Ed.2d 836 (1988). Consequently, the *Stender* and *Sanders* courts reasoned that, if the 1991 Act were only to apply prospectively, then sections 402(b) and 109(c) would be meaningless and redundant—a result against which the Supreme Court has precisely warned.

However, the legislative history of these provisions, and more specifically, the evidence this Court has regarding the motivation for their inclusion, does not support an inference of retroactivity. Senator Danforth, a co-sponsor of the 1991 Act, explained in his Interpretive Memorandum that he included section 402(b) as a "double assurance" that the provisions of the 1991 Act would not be applied retroactively to certain cases. 137 Cong.Rec. S15483 (daily ed. October 30, 1991). Indeed, he further states that the section should not be read as a derogation of his intention that the 1991 Act should only be applied prospectively. *Id.* In light of Senator Danforth's statement, this Court cannot conclude that sections 402(b) and 109(c) imply that Congress intended the 1991 Act to apply to cases pending at the time of its enactment.

Consequently, the language of the 1991 Act does not resolve the issue of whether this Court is to apply the 1991 Act retroactively or prospectively. Accordingly, the Court will review the legislative history of the 1991 Act for direction on this issue.

### B. *Legislative History*

A review of the legislative history of the 1991 Act provides little guidance on this issue.[3] As noted above, Senator Danforth stated that he believed the 1991 Act was to have prospective application only. He bases this belief upon his interpretation of the prevailing Supreme Court rules of construction, relying on *Bowen v. Georgetown University Hospital,* 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988) and Justice Scalia's concurring opinion in *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 841, 110 S.Ct. 1570, 1579, 108 L.Ed.2d 842 (1990). *See* 137 Cong.Rec. S15483 (daily ed. Oct. 30, 1991). In contrast, Senator Kennedy, also a cosponsor of the legislation, stated his belief that the courts apply newly enacted procedures and remedies to pending cases, relying on *Bradley v. School Board of the City of Richmond,* 416 U.S. 696, 715, 94 S.Ct. 2006, 2018, 40 L.Ed.2d 476 (1974). Indeed, there are conflicting statements from both Representatives and Senators with respect to whether the 1991 Act is to be applied retroactively or only prospectively.[4] While many Republican legislators insisted that the 1991 Act be applied prospec-

tively, other Democratic legislators insisted on retroactivity. *Lee v. Sullivan,* 787 F.Supp. 921, 930 (N.D.Cal.1992) (citing *Hansel v. Public Service Co.,* 778 F.Supp. 1126, 1136–37 (D.Colo.1991)[5]). Consequently, not only is the statutory language of the 1991 Act ambiguous as to whether it is retroactive, it is clear from the legislative history that Congress, although it considered the issue, was unable to resolve the question.

Notwithstanding this clear lack of consensus regarding the application of the 1991 Act, the Seventh Circuit has found that the legislative history dictates that the 1991 Act should be applied prospectively. *Fray v. Omaha World Herald Co.,* 960 F.2d 1370 (8th Cir.1992). The *Fray* court supports this proposition by pointing to the fact that President Bush had vetoed the Civil Rights Act of 1990 because it had explicitly provided for retroactive application. *Id.* at 1378. Because the proponents of retroactivity could not muster sufficient votes to override the veto, Congress enacted a compromise bill which deleted all the provisions that contained language expressly applying the 1991 Act to pending cases. *See* 137 Cong.Rec. S15503–12 (daily ed. Oct. 30, 1991). Thus, the *Fray* court concluded that the legislative history is dispositive on the side of prospective application, stating that "[w]hen a bill mandating retroactivity fails to pass, and a law omitting that mandate is then enacted, the legislative intent was surely that the new law

---

**3.** It is widely-recognized, at least within the judiciary, that the legislative history of the Act is a contradictory and ambiguous indicator of legislative intent. *See, e.g., Luddington v. Indiana Bell Telephone Co.,* 966 F.2d 225, 227 (7th Cir. 1992) ("It seems futile to search for legislative intent. As so often happens, the [political] contenders could not agree, so they dumped the question into the judiciary's lap without guidance."); *Robinson v. Davis Memorial Goodwill Industries,* 790 F.Supp. 325, 328 (D.D.C.1992) ("Despite the wide difference among decisions addressing the Act's retroactively, nearly every court that has ruled on the issue has agreed that the legislative history is not 'clearly' in favor of either prospective or retroactive application.").

**4.** *See, e.g.,* 137 Cong.Rec. H9526–32 (daily ed. Nov. 7, 1991) (statement of Rep. Edwards in favor of retroactivity); 137 Cong.Rec. S15472–

78 (daily ed. Oct. 30, 1991) (statement of Senator Dole against retroactivity); 137 Cong.Rec. H9549 (statement by Rep. Fish in favor of retroactivity).

**5.** As the *Hansel* court noted:

The Republican senators lined up behind Senator Danforth, asserting that the Act was not intended to be retroactive. 137 Cong.Rec. S15485 (daily ed. Oct. 30, 1991). The democratic senators lined up behind Senator Kennedy, asserting that the Act was intended to be retroactive. 137 Cong.Rec. S15485 (daily ed. Oct. 30, 1991). The legislative history from the House is similar with the republicans saying the Act is not retroactive and the democrats asserting the opposite. *See, e.g.,* 137 Cong.Rec. H9530–31, H9548, and H9549 (daily ed. Nov. 7, 1991).

*Hansel,* 778 F.Supp. at 1136–37.

be prospective only; any other conclusion simply ignores the legislative process." *Id.*

However, two factors negate the Seventh Circuit's reasoning that the legislative history is dispositive. First, if Congress had intended the 1991 Act to be applied prospectively, it would have adopted the proposed bill which contained explicit prospective language.[6] Its failure to do so is an indication that neither the prospective nor the retroactive proponents could muster the necessary votes to enact a statute that represented their views. Second, if the legislative intent was clear that the 1991 Act is to be applied prospectively, there would have been no need for further Congressional debate on whether the 1991 Act is to be applied retroactively or prospectively. As noted above, members of Congress continued to disagree on this issue up until the time of enactment. The conflicting interpretative memoranda by Senators Danforth and Kennedy, the 1991 Act's principal sponsors, are a striking demonstration of the inability of Congress to decide this issue. In acknowledging this problem, Senator Kennedy has expressed that "[i]t will be up to the courts to determine the extent to which the bill will apply to cases and claims that are pending on the date of enactment." 137 Cong.Rec. S15485 (daily ed. Oct. 30, 1991). Consequently, it is clear that Congress has left the issue of the 1991 Act's retroactivity to the judiciary.

However, before turning to judicially-derived rules of statutory interpretation, the Court will first consider a policy guidance that the Equal Employment Opportunity Commission issued on this subject. When a court is faced with a problem of statutory construction, the Supreme Court has held that the court should show great deference to the interpretation given to the statute by the officers or agency charged with its administration. *Zenith Radio Corp. v. United States*, 437 U.S. 443, 450, 98 S.Ct. 2441, 2445, 57 L.Ed.2d 337 (1978) (citing *Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965)). Conse-

quently, the Court will examine the Equal Employment Opportunity Commission's interpretation of the 1991 Act for guidance on this issue.

### C. *Equal Employment Opportunity Commission Policy Guidance*

On December 27, 1991, the Equal Employment Opportunity Commission ("EEOC") issued its Policy Guidance of Retroactivity of Civil Rights Act of 1991 on the application of the 1991 Act's damages provisions to pending charges and pre-Act conduct. *See* EEOC Policy Guidance of Retroactivity of Civil Rights Act of 1991 (Dec. 27, 1991), reprinted in BNA DAILY LABOR REPORT, No. 1, p. D–1 (Jan. 2, 1991) ("Policy Guidance"). In its analysis, the EEOC acknowledged that the statutory language and the legislative history are unclear as to whether the 1991 Act should be applied retroactively or prospectively. The EEOC also recognized that the conflicting Supreme Court precedents represented by *Bradley*, which favors retroactive application, and *Bowen*, which disfavors retroactive application, provided no clear guidance on how the 1991 Act is to be construed. Thus, in light of the ambiguity in the legislative history and Supreme Court precedents, the EEOC opted to follow *Bowen* because it represents the Supreme Court's more recent holding on this issue. Accordingly, the EEOC determined that it will not seek damages in charges filed prior to the enactment of the 1991 Act, or in post-Act charges that challenge pre-Act conduct.

The EEOC's Policy Guidance, however, is of little assistance to the Court. Congress, in enacting Title VII of the Civil Rights Act of 1964, did not confer upon the EEOC authority to promulgate rules or regulations pursuant to that Title. *General Elec. Co. v. Gilbert*, 429 U.S. 125, 141, 97 S.Ct. 401, 410, 50 L.Ed.2d 343 (1976). Rather, the EEOC, in the past, has issued guidelines which the Supreme Court has held do

---

**6.** Section 14 of the Bush Administration's proposal states:

This Act and the amendments made by this Act shall take effect upon enactment. The

amendments made by this Act shall not apply to *any claim arising before the effective date of this Act.* H.R. 1375, 102d Cong., 1st Sess. (1991) (emphasis added).

not constitute administrative "regulations." *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 431, 95 S.Ct. 2362, 2378, 45 L.Ed.2d 280 (1976). Nevertheless, this does not mean that EEOC guidelines are not entitled to consideration in determining legislative intent. But it does mean that courts may properly accord less weight to such guidelines than to administrative regulations which Congress has declared shall have the force of law. *General Elec.,* 429 U.S. at 141, 97 S.Ct. at 410.

The most comprehensive statement of the role of interpretative rulings such as the EEOC guidelines is found in *Skidmore v. Swift & Co.,* 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944), where the Supreme Court stated that rulings, interpretations, and opinions of an agency that administers a statute, "while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which the courts ... may properly resort for guidance." *Id.* at 140, 65 S.Ct. at 164. "The weight of such a judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." *Id.*

Consequently, the EEOC's policy guidance on the issue of retroactivity, although not binding on this Court, does constitute "a body of experience and judgment" to which the Court can look for direction. The Court notes that the EEOC correctly states that the statutory language is ambiguous, that Congressional intent is unclear, and that Supreme Court precedents are conflicting. Because of these factors, the EEOC opts to rely on *Bowen* for its stand on prospective application because the case represents the Supreme Court's

more recent holding on the issue of retroactivity. This Court, however, declines to rely exclusively on the EEOC's path of reasoning and its reliance on *Bowen.*

While *Bowen* does represent the more recent decision by the Supreme Court, both *Bradley* and *Thorpe* still constitute good law until the Supreme Court overrules them. The Supreme Court had such an opportunity in *Bonjorno* but declined to do so, noting only that there is an "apparent tension" between *Bradley* and *Bonjorno,* 494 U.S. at 837, 110 S.Ct. at 1576, even in the face of Justice Scalia's invitation to overrule *Bradley* and *Thorpe. Id.* at 841, 110 S.Ct. at 1579. Therefore, this Court is not persuaded that it should give great weight to the EEOC's reasoning or reliance on *Bowen.* Accordingly, although this Court does take note of the EEOC's stand on this matter, the Court will turn to judicially-derived rules of construction in order to resolve this ambiguity.

### D. *Judicial History*

Neither the Supreme Court nor the Ninth Circuit has ruled on the issue at bar. As of the date of this Order, those Circuits which have been willing to address the question have held that the 1991 Act is to be applied prospectively. *See Johnson v. Uncle Ben's, Inc.,* 965 F.2d 1363 (5th Cir.1992); *Mozee v. American Commercial Marine Serv. Co.,* 963 F.2d 929 (7th Cir.1992); *Fray v. Omaha World Herald Co.,* 960 F.2d 1370 (8th Cir.1992); *Vogel v. City of Cincinnati,* 959 F.2d 594 (6th Cir.1992).

The district courts, however, have been distinctly less uniform in their decisions. One line of cases holds that the 1991 Act is to operate prospectively;[7] another line holds that the 1991 Act is to apply retroactively;[8] and at least one court has opted to wait for resolution of the issue in the high-

---

7. *See, e.g., Toney v. State of Alabama,* 784 F.Supp. 1542 (M.D.Ala.1992); *Guillory–Wuerz v. Brady,* 785 F.Supp. 889 (D.Colo.1992); *Reynolds v. Frank,* 786 F.Supp. 168 (D.Conn.1992); *Hatcher–Capers v. Haley,* 786 F.Supp. 1054 (D.D.C. 1992); *Doe v. Board of County Comm'rs,* 783 F.Supp. 1379 (S.D.Fla.1992); *Sofferin v. American Airlines,* 785 F.Supp. 780 (N.D.Ill.1992).

8. *See, e.g., Goldsmith v. City of Atmore,* 782 F.Supp. 106 (S.D.Ala.1992); *Great Am. Tool and Mfg. Co. v. Adolph Coors Co., Inc.,* 780 F.Supp. 1354 (D.Colo.1992); *Joyner v. Monier Roof Tile, Inc.,* 784 F.Supp. 872 (S.D.Fla.1992); *Long v. Carr,* 784 F.Supp. 887 (N.D.Ga.1992); *Poston v. Reliable Drug Stores, Inc.,* 783 F.Supp. 1166 (S.D.Ind.1992).

er courts.[9] In the Northern District of California, there are only two cases which have addressed this issue: *Stender v. Lucky Stores, Inc.,* 780 F.Supp. 1302 (N.D.Cal.1992), and *Lee v. Sullivan,* 787 F.Supp. 921 (N.D.Cal.1992). Both Judge Patel and Magistrate Judge Brazil, respectively, held that the 1991 Act is retroactively applicable to cases which were pending on its effective date, November 21, 1991. In addition, there are four other district court cases in the Ninth Circuit which address the 1991 Act: two determined that the 1991 Act is retroactive; [10] one ruled that it is not retroactive; [11] and one declined to address the question of the 1991 Act's retroactivity.[12]

These contradictory holdings are not surprising. The Supreme Court has set forth two inconsistent precedents concerning the approach a court should take when the language and the legislative history of an act are inconclusive on the issue of retroactivity. Under *Bradley v. School Board of the City of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), a court must apply the law in effect at the time it renders its decision, even where the intervening law does not explicitly recite that it is to be applied to pending cases. *Id.* at 715, 94 S.Ct. at 2018 (citing *Thorpe v. Housing Authority,* 393 U.S. 268, 281, 89 S.Ct. 518, 525, 21 L.Ed.2d 474 (1969)). The Supreme Court has recognized two exceptions to this rule: the presumption does not govern where retrospective application would result in manifest injustice to one of the parties or where there is statutory direction or legislative history to the contrary. *Id.* 416 U.S. at 711, 94 S.Ct. at 2016. In contrast, the Supreme Court in *Bowen v.*

*Georgetown University Hospital,* 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), held that "[r]etroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Id.* at 208, 109 S.Ct. at 471. Although the Supreme Court has recognized the "apparent tension" in these two lines of cases, it has declined to resolve the issue. *See Bonjorno,* 494 U.S. 827, 837, 110 S.Ct. 1570, 1576 (1990). Consequently, because of the conflicting Supreme Court precedents, "[t]he district courts have reached one conclusion or the other concerning the retroactivity of the 1991 Act, according to whether their Circuit prefers the *Bowen* or *Bradley* line of cases." *Poston v. Reliable Drug Stores, Inc.,* 783 F.Supp. 1166, 1169 (S.D.Ind.1992).

In its decisions, the Ninth Circuit has followed both *Bradley* [13] and *Bowen.*[14] However, the Ninth Circuit appears to have resolved this tension in *FDIC v. New Hampshire Ins. Co.,* 953 F.2d 478 (9th Cir. 1991). In that case, the Ninth Circuit adopted the reasoning in *FDIC v. Howse,* 736 F.Supp. 1437 (S.D.Tex.1990), where Judge Lake determined that statutes affecting substantive rights are ordinarily given prospective effect because retroactive application could result in manifest injustice. *Id.* at 1446 (citing *Bradley,* 416 U.S. at 711, 94 S.Ct. at 2016). On the other hand, statutory changes that are procedural or remedial in nature are usually held to be immediately applicable to pending cases. *Id.* The Ninth Circuit found Judge Lake's analysis of the concept of limited retroactive application to be persuasive and consis-

**9.** *See Leach v. Northern Telecom, Inc.,* 790 F.Supp. 572 (E.D.N.C.1992) (declining to rule on the retroactivity issue and instead granting plaintiff's motion to amend her complaint, a solution that regardless of how the issue is ultimately resolved, will make the most efficient use of judicial time and resources).

**10.** *See U.S. v. Dept. of Mental Health,* 785 F.Supp. 846 (E.D.Cal.1992); *Sanders v. Culinary Workers Union Local No. 226,* 783 F.Supp. 531 (D.Nev.1992).

**11.** *Benitez v. Portland Gen. Elec.,* No. 91–864, 1992 Dist.1992 WL 135566, at *1 (D.Or.1992) (unpublished decision).

**12.** *Cota v. Tucson Police Dept.,* 783 F.Supp. 458 (D.Ariz.1992).

**13.** *See, e.g., Ward v. Schweiker,* 686 F.2d 762, 764 (9th Cir.1982); *In re Rubin,* 769 F.2d 611, 614 (9th Cir.1985); *California Cartage Co. v. U.S.,* 802 F.2d 353, 357 (9th Cir.1986).

**14.** *See Criger v. Becton,* 902 F.2d 1348, 1354 (8th Cir.1990).

tent with its holding in *Gonzalez v. Aloha Airlines, Inc.*, 940 F.2d 1312 (9th Cir.1991), where it had applied *Bradley* to an act changing the statute of limitations, even after *Bowen. Id.* at 1316. Moreover, the Court notes that this concept of limited retroactive application is consistent with the Ninth Circuit's decision in *Friel v. Cessna Aircraft Co.*, 751 F.2d 1037 (9th Cir. 1985), where the court held that:

> [W]hen a statute is addressed to remedies or procedures and does not otherwise alter substantive rights, it will be applied to pending cases. The purpose behind this rule of construction is clear. Non-retrospective application of a statute 'prevents the assigning of a quality or effect to acts or conduct which they did not have or did not contemplate when they were performed.' *Id.* at 1039 (quoting *Union Pacific R.R. Co. v. Laramie Stock Yards Co.*, 231 U.S. 190, 199 [34 S.Ct. 101, 102, 58 L.Ed. 179] (1913)). This danger is not present where statutes merely affect remedies or procedures.

*Id.* The Ninth Circuit's distinction between the prospective application of statutes affecting substantive rights and the retroactive application of statutes addressing remedies or procedures is supported by Supreme Court precedents.

In *Bennett v. New Jersey*, 470 U.S. 632, 105 S.Ct. 1555, 84 L.Ed.2d 572 (1985), the Supreme Court refused to apply *Bradley* and instead presumed a prospective application of the statute. In reaching this conclusion, the Supreme Court indicated that the *Bradley* rule explicitly limited retroactive application where it " 'would infringe upon or deprive a person of a right that had matured or become unconditional.' " *Id.* at 639, 105 S.Ct. at 1560 (quoting *Bradley*, 416 U.S. at 720, 94 S.Ct. at 2020). Indeed, the *Bennett* Court noted that the *Bradley* exception "comports with another venerable rule of statutory interpretation, i.e., that statutes affecting substantive rights and liabilities are presumed to have only prospective effect." *Id.*

In the present case, the 1991 Act contains substantive, procedural, and remedial provisions. As stated above, a court should not retroactively apply statutory provisions that define the scope of a party's substantive rights and obligations because this would result in a party unfairly being held accountable for laws that were not in effect at the time the relevant conduct was performed. *See Bennett*, 470 U.S. 632, 105 S.Ct. 1555; *New Hampshire Ins. Co.*, 953 F.2d 478; *Friel*, 751 F.2d 1037. However, a district court's application of newly-enacted trial procedures or damage provisions in effect at the time of the trial does not appear to raise the same concerns as the retroactive application of provisions altering the substantive rights of a party. Hence, a court arguably could apply the procedural and damage provisions of a statute retroactively and the substantive provisions prospectively.

Nevertheless, there are strong countervailing considerations to this argument. Specifically, confusion and disorder would result if courts were required to conduct a provision-by-provision analysis of a statute in order to distinguish between those provisions which regulate procedure and damages as opposed to those provisions which affect substantive rights and obligations. *See Mozee*, 963 F.2d at 940. Moreover, if a provision-by-provision approach were adopted, courts would have to conduct this type of inquiry for every statute that is unclear on its face and whose legislative history is ambiguous with respect to its application. Indeed, courts would have to analyze each and every provision of a statute to determine if it is to be applied retroactively or prospectively. This sort of piecemeal application of a statute, on a pragmatic level, would result in an administrative nightmare.

Furthermore, as noted above, the Ninth Circuit has held that "when a *statute* is addressed to remedies or procedures *and does not otherwise alter substantive rights*, it will be applied to pending cases." *Friel*, 751 F.2d at 1038 (emphasis added). This holding suggests that if a statute does not *exclusively* address itself to remedies or procedures, and instead also alters substantive rights, then the statute should not be applied to pending cases. Thus, implicit

in this holding is the unwillingness of the Ninth Circuit to construe a statute in a piecemeal fashion.

The 1991 Act at issue in this case contains substantive, procedural, and remedial provisions. Thus, for the Court to apply the damage provisions retroactively, and the substantive provisions of the Act prospectively, would necessarily result in a piecemeal analysis and application of the 1991 Act. Because this method lacks feasibility, the Court declines to embrace such an approach.[15] Accordingly, the Court finds that the 1991 Act, in its entirety, should be applied prospectively.

### III

### CONCLUSION

In light of the above discussion, this Court finds that section 102 of the Civil Rights Act of 1991 does not apply retroactively to cases pending on the date of its enactment on November 21, 1991. Therefore, this Court concludes that plaintiffs' motion to amend should only be PARTIALLY GRANTED. Accordingly,

IT IS HEREBY ORDERED that:

(1) Plaintiffs' motion to amend the complaint to add a prayer for compensatory and punitive damages to Rita Schroeder's claim under Title VII of the Civil Rights Act of 1964 is DENIED.

(2) Plaintiffs' motion to amend the complaint to remove Laura Autrey from this litigation is GRANTED. Plaintiffs shall file their amended complaint reflecting this change *within twenty days of the date this Order* is filed. Failure to do so may result in sanctions against plaintiff and/or plaintiff's counsel.

IT IS SO ORDERED.

---

**15.** Decisions by both the Sixth and Seventh Circuits also seem to stand for the proposition that the 1991 Act should be applied prospectively because some of its provisions affect substantive rights. *See Mozee,* 963 F.2d at 940 (finding merit in the position that, because some of the 1991 Act's provisions affect substantive rights, the entire Act should be prospectively applied); *Vogel,* 959 F.2d at 597–98 (holding that the 1991 Act, which affects substantive rights, should be prospectively applied).