810 F.2d 913
 124 L.R.R.M. (BNA) 2710, 106 Lab.Cas. P 12,206
 Robert E. CONLEY, Plaintiff-Appellant,
v.
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 639;
William Herreras; Robert Smith; Nicholas
Arrellanes; William Brownie; and G.
Wilson, Defendants-Appellees.
 No. 86-5636.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 6, 1987.
Decided Feb. 18, 1987.
 
 Adrian S. Andrade, Santa Maria, Cal., for plaintiff-appellant.
 Eugene Miller, Seaside, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before KENNEDY, SCHROEDER and POOLE, Circuit Judges.
 KENNEDY, Circuit Judge:
 
 
 1
 Robert Conley brought suit against his union, the International Brotherhood of Electrical Workers, and now appeals from the dismissal of the action. Conley had been listed by the union as "Book I" in San Luis Obispo County. This was the most favorable status for frequent work referrals. On October 5, 1984, the union demoted Conley to "Book II" because he did not live in San Luis Obispo County. Conley challenged the demotion through internal union procedures, and the union's appeals committee decided against him on November 8, 1984.
 
 
 2
 On February 22, 1985, Conley filed an unfair labor practice charge with the National Labor Relations Board (NLRB). On May 31, 1985, the general counsel denied Conley's appeal from an adverse regional decision.
 
 
 3
 On July 1, 1985, Conley filed suit in state court on essentially the facts alleged in the unfair labor practice charge, and the union removed the action to federal court. Plaintiff amended his complaint, alleging both a violation of section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. Sec. 185, and state contract law. He sought reinstatement to Book I status, equitable relief, and damages. The district court granted the union's motion to dismiss on the grounds that the action was time barred, and the correctness of that ruling is the sole issue before us.
 
 
 4
 Congress has not provided a statute of limitations for section 301 actions, so we must borrow the most nearly analogous statute. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983). The union urged the district court to borrow the six-month limitation from section 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. Sec. 160(b), applicable to filings of unfair labor practice charges with the NLRB. Conley urged the district court to apply California's four-year limitation on actions founded upon a written contract.
 
 
 5
 In DelCostello the Supreme Court explained the principles for applying statutes of limitation to section 301 actions. The Court distinguished between "hybrid" actions and "straightforward" actions. In a hybrid action, the employee generally sues the union and the employer, though not necessarily both, alleging that the employer unfairly treated the employee. The plaintiff in a hybrid action also generally alleges, and did allege in DelCostello, that the union violated the duty of fair representation owed the employee. In a straightforward action, the union usually sues the employer alleging that the employer breached the collective bargaining agreement. It is the federal or state nature of the issues to be decided, and not simply the identity of the parties, that controls the distinction between hybrid and straightforward cases. Because of the close relation between the issues in hybrid actions and those of unfair labor practice or unfair representation cases, the Court concluded that in hybrid cases the most appropriate statute of limitations was that of section 10(b) of the NLRA. In the context of straightforward actions, the Court refused to disturb earlier cases holding that state statutes of limitations were appropriate. See Int'l Union, United Auto Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); see also Int'l Ass'n of Machinists v. Aloha Airlines, Inc., 781 F.2d 1400, 1406 n. 2 (9th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 400, 93 L.Ed.2d 354 (1986).
 
 
 6
 The case before us is somewhat unusual in that it does not fit neatly into one category or the other. We conclude that it is more properly evaluated as a hybrid claim and governed by the section 10(b) statute of limitations. The essence of Conley's complaint is that the union failed to act fairly on his behalf. Although he does not claim that the union failed to act fairly in representing him before the employer, we do not think that this factor is sufficient to merit application of a state statute of limitations. The case at hand poses the question of a union's duty to its members, and because of the close relation this bears to the federal policy of fair representation generally, it follows that the federal limitations statute applies. The reasoning of DelCostello supports this conclusion. DelCostello found section 10(b) to be the source of the limitation for hybrid claims because of the analogy to an unfair labor practice claim. In this case, the analogy to an unfair labor practice claim is compelling. Indeed, Conley alleged in his complaint that the union acted "in violation of its obligations" of fair representation and sought redress through filing a charge with the NLRB. The appropriate limitation is six months.
 
 
 7
 Conley filed this action well outside the six-month period, measured from any relevant date. Unless he can establish that the limitation period was suspended for some period, his action was time barred. Conley argues that the doctrine of equitable tolling ought to suspend the running of the limitation period in this case. He argues that his filing of the action with the NLRB should suspend the limitation period. Conley relies on Aragon v. Federated Dep't Stores, Inc., 750 F.2d 1447 (9th Cir.), cert. denied, --- U.S. ----, 106 S.Ct. 229, 88 L.Ed.2d 229 (1985), and Retail Clerks Union Local 648 v. Hub Pharmacy, Inc., 707 F.2d 1030 (9th Cir.1983). These cases, however, borrow California statutes of limitations and tolling doctrines, and consequently apply only by analogy, if at all. While there may well be room for an equitable tolling doctrine in applying section 10(b), the doctrine does not apply to this case. Equitable tolling is most appropriate when the plaintiff is required to avail himself of an alternate course of action as a precondition to filing suit. See Mt. Hood Stages, Inc. v. Greyhound Corp., 616 F.2d 394, 400 (9th Cir.1980); cf. Clayton v. Int'l Union, United Auto Workers, 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981) (holding that internal union procedures must be exhausted before a hybrid claim can be brought). In this case, the filing of the NLRB action was merely optional. Allowing tolling in this circumstance would frustrate the national policy of prompt resolution of labor disputes. The Sixth Circuit was confronted with an identical argument, and concluded that the filing of an NLRB action does not toll section 10(b)'s application to section 301. Adkins v. Int'l Union of Elec. Workers, 769 F.2d 330, 335-36 (6th Cir.1985); see also Aarsvold v. Greyhound Lines, 724 F.2d 72, 73 (8th Cir.1983) (per curiam), cert. denied, 467 U.S. 1253, 104 S.Ct. 3538, 82 L.Ed.2d 842 (1984). In Adkins the court noted that filing an NLRB action in no way prevented a suit under section 301, and that the two were parallel avenues of relief. We find the reasoning of Adkins persuasive, and follow it here. Thus, Conley's filing of the labor practice charge does not suspend the limitation period, and the district court correctly dismissed the action.
 
 
 8
 The judgment of the district court is AFFIRMED.