William H. GONZALEZ,
Plaintiff–Appellant–Cross–Appellee,

v.

ALOHA AIRLINES, INC., a Hawaii
Corporation, Defendant–Appellee,

and

Hawaiian Airlines, Inc., a Hawaii Corporation, Defendant–Appellee–
Cross–Appellant.

Nos. 90–15518, 90–15585.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 1991.

Decided Aug. 9, 1991.

---

S.V. Quitiquit, Case & Lynch, Kailua–Kona, Hawaii, for plaintiff-appellant-cross-appellee.

Richard M. Rand, Torkildson, Katz, Jossem, Fonseca & Moore, Honolulu, Hawaii, for defendants-appellees-cross-appellants.

Before SCHROEDER, FLETCHER and FERGUSON, Circuit Judges.

SCHROEDER, Circuit Judge:

We must decide the appropriate statute of limitations under the Employee Protection Program ("EPP") of the Airline Deregulation Act of 1978, 49 U.S.C.App. § 1552(d). Appellant William H. Gonzalez brought suit against Aloha Airlines and Hawaiian Airlines because of their failure to grant him a preferential hiring status to which he was allegedly entitled under the EPP. He filed the suit on February 13, 1986.

The EPP guarantees a "first right of hire" to certain airline employees who were terminated between October 24, 1978 and October 24, 1988. This right takes effect when such an employee informs another airline with whom he or she is seeking employment that the EPP applies. Gonzalez was employed as a pilot by Braniff Airlines until May 12, 1982, when the airline terminated him in conjunction with its bankruptcy. He thus falls within the purview of the EPP. He applied several times for employment with the defendant airlines following that termination, and claims that those airlines violated the EPP in failing to hire him. The airlines contend that the claims are time barred. The statute itself contains no statute of limitations.

The district court granted partial summary judgment against Gonzalez, finding most of his claims time barred, after it applied the six-month statute of limitations contained in section 10(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(b). *Gonzalez v. Aloha Airlines*, 669 F.Supp. 1023 (D.Haw.1987). This statute of limitations barred all of Gonzalez' claims except for his claims that Aloha Airlines had violated the EPP by failing to hire him for its pilot class of February 26, 1986, and that Hawaiian Airlines had similarly violated the statute by failing to hire him for its December 3, 1985 class. The district court then found Aloha liable for violating the EPP, but dismissed the claim against Hawaiian on the ground that Hawaiian had not been adequately informed of Gonzalez' EPP status when it filled its December 3,

1985 class. The district court ordered Aloha to pay Gonzalez back pay for the period from February 26, 1986 to March 17, 1986, when Aloha ultimately hired Gonzalez as a pilot. It further ordered the airline to grant Gonzalez the seniority that he would have had if he had started on the earlier date, and to compensate him with back pay for the difference between that seniority level and the seniority he actually attained.

Gonzalez appeals the district court's choice of the six-month statute of limitations. He seeks to pursue additional claims against the airlines for Aloha's alleged failure to hire him for three 1984 pilot classes, the earliest of which began on April 16 of that year. He also seeks to pursue claims against Hawaiian for that airline's alleged failure to hire him for eleven pilot classes starting between March 12, 1984 and June 18, 1985. Because we find that the district court erred in applying the six-month statute of limitations period, we reverse that aspect of the court's ruling and apply the two-year statute of limitations contained in Haw.Rev.Stat. § 657–11. In all other respects, we affirm.

## DISCUSSION

Because the EPP does not provide its own statute of limitations, a court interpreting it must borrow a limitations period from another source. *See DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983). Ordinarily, such a limitations period will be borrowed from analogous state law provisions. *Id.* Where a state rule is aberrant or "at odds with the purpose or operation of federal substantive law," however, a federal court will look elsewhere. *DelCostello*, 462 U.S. at 161, 103 S.Ct. at 2289; *Agency Holding Corp. v. Malley–Duff & Assocs.*, 483 U.S. 143, 147, 107 S.Ct. 2759, 2762, 97 L.Ed.2d 121 (1987). A court should "decline to borrow a state statute of limitations only 'when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litiga-

tion make that rule a significantly more appropriate vehicle for interstitial lawmaking.'" *Reed v. United Transp. Union,* 488 U.S. 319, 324, 109 S.Ct. 621, 625, 102 L.Ed.2d 665 (1989) (quoting *DelCostello,* 462 U.S. at 172, 103 S.Ct. at 2294).

In *DelCostello,* upon which the district court in this case rested its holding, the Supreme Court borrowed a federal statute of limitations. It held that a hybrid action brought by an employee alleging breach of a collective bargaining agreement by his employer and breach of the duty of fair representation by his union was subject to the six-month statute of limitations contained in section 10(b) of the NLRA. 462 U.S. at 169–71, 103 S.Ct. at 2293–94. The basis for the Court's choice of the NLRA's six-month period was that the action implicated "'those consensual processes that federal labor law is chiefly designed to promote—the formation of the collective agreement and the private settlement of disputes under it.'" *DelCostello,* 462 U.S. at 163, 103 S.Ct. at 2290 (quoting *Auto Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 702, 86 S.Ct. 1107, 1111, 16 L.Ed.2d 192 (1966)). Thus, in *DelCostello,* the six-month limitations period contained in section 10(b) was the most appropriate rule because it properly balanced the national interest in promoting stable bargaining relationships and the individual's interest in challenging arguably unfair actions of unions and employers.

A successfully prosecuted EPP claim may affect seniority relationships between employees, as well as the relationship between the successful EPP litigant and the employer. For that reason, the district court applied *DelCostello* in this case. The claim at stake in *DelCostello,* however, directly involved the relationships between a union and its members and between a union and an employer, as established by collective bargaining agreements controlled by federal law. *See Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). As a result, it directly implicated the federal policies behind labor laws designed to promote collective bargaining. The six-month statute of limitations con-

tained in section 10(b) of the NLRA was intended to minimize the disruption of such bargaining arrangements by individual claimants. Its application to the hybrid claim at issue in *DelCostello* substantially furthered the policies at stake.

In contrast, the EPP furthers a federal policy designed to assist individual employees who lost their jobs as a result of airline deregulation. *See Alaska Airlines v. Brock,* 480 U.S. 678, 691–93, 107 S.Ct. 1476, 1483–84, 94 L.Ed.2d 661 (1987). It applies without regard to whether the former or prospective employer was signatory to a collective bargaining agreement. This policy therefore does not directly involve the relationships between unions and their members or between unions and employers. When no union is involved, the employer-employee relationship would be governed by state law. Application of a state statute of limitations therefore would not, as in *DelCostello,* undermine federal policies. The district court's decision not to apply a state statute of limitations was therefore erroneous. Our holding on this issue is in accord with that of the Second Circuit in *McDonald v. Piedmont Aviation, Inc.,* 930 F.2d 220 (2d Cir.1991), which rejects an argument that the NLRA's six-month limitations period should apply to an EPP claim, and applies a three-year period provided by Massachusetts law.

Because we decide that the district court must apply a state statute of limitations to the EPP claim, we must now determine which Hawaii limitations period should apply to Gonzalez' claims. There are three possibilities. When Gonzalez filed his complaint on February 13, 1986, Haw.Rev.Stat. § 657–11 provided a one-year statute of limitations for any suit brought in state court seeking recovery authorized by federal statute. Thus, at that time, if Gonzalez had brought this suit in state court, the statute of limitations would have been one year. Currently, however, section 657–11 provides a two-year statute of limitations, pursuant to an amendment that took effect on June 13, 1986, during the pendency of this litigation. Hawaii also has a "catchall" limitations

period of six years, applicable to statutes that do not have their own limitations period. Haw.Rev.Stat. § 657–1(4). We therefore must decide whether the statute of limitations for Gonzalez' claims should be one year, two years, or six years.

Gonzalez argues that the six-year statute of limitations contained in section 657–1(4) should apply to his claims. This argument is based on the characterization of the EPP as a "remedial" statute. The generous six-year limitations period, Gonzalez argues, would better serve the EPP's purpose than would a shorter period.

We disagree. The EPP does not provide a remedy for rights created elsewhere. Rather, it creates new substantive rights for certain airline employees. Gonzalez' suit is thus an action to enforce a right created by a federal statute. Section 657–11 therefore provides the most closely analogous state statute of limitations since it expressly applies to claims created by federal law.

■ We now turn to the question of whether the 1986 amendment to section 657–11 should also apply, making the statute of limitations on Gonzalez' claims two years instead of one year. Whether an amended statute of limitations will apply retroactively to claims brought before its enactment is generally a question of legislative intent. *See Bulgo v. Munoz*, 853 F.2d 710, 715 (9th Cir.1988). Thus, a federal court exercising pendent jurisdiction over a state law claim and determining the applicable statute of limitations for that claim will resolve the issue based on the intent of the legislature. *Id.* Where, as here, a court is called upon to determine which state statute of limitations to borrow for a federal cause of action, however, the question is one of federal law. *See Del-Costello*, 462 U.S. at 159 n. 13, 103 S.Ct. at 2288 n. 13. We are thus not bound by the intent of the Hawaii legislature, but it provides relevant guidance.

■ In amending the statute to provide for a two-year period, the Hawaii legislature noted that the original one-year limitations period provided by section 657–11 was shorter than that provided for any state

law cause of action and therefore might have unconstitutionally discriminated against federal claims. Haw.H.Rep. No. 386. The amendment came after a decision of a federal district court that the discriminatory effect of the pre-amendment statute was a reason to reject it in favor of the six-year catchall limitations period in a suit brought under 42 U.S.C. § 1983. *Matthewman v. Akahane*, 574 F.Supp. 1510 (D.Haw.1983). The legislature referred to the possibility of courts applying this six-year period instead of the one-year period to federal civil rights cases, indicating that the amendment was designed to prevent such application by providing an alternative period that was long enough to avoid any charge of discrimination against federal claims. There is no reason why the legislature would have intended the one-year statute to apply to any federally based claims pending at the time of the amendment and thus trigger more constitutional litigation over the applicability of the six-year period. Application of the two-year statute here avoids that problem and thus furthers the legislature's goal.

Because at the time Gonzalez filed his suit a statute of limitations for EPP claims had not yet been established, there is no prejudice to the airlines in the application of the two-year limitations period. Application of that period thus would not "result in manifest injustice," and there is no "statutory direction or legislative history to the contrary." *Bradley v. School Bd. of Richmond*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974). The law therefore applies as it is currently written. The proper statute of limitations for Gonzalez' claims is two years.

■ Hawaiian Airlines argues that judgment in its favor should be affirmed regardless of our holding on the statute of limitations issue because Gonzalez is not entitled to protected employee status under the EPP. In support of this contention, Hawaiian points out that Gonzalez voluntarily removed himself from the seniority list at Braniff, his former employer, did not

seek reemployment with that airline, and was employed by an airline not covered by the EPP when he applied to Hawaiian. None of these factors removes Gonzalez from the protection of the EPP. Gonzalez did submit a letter of resignation to Braniff. He did so, however, only because he was instructed that he had to do so in order to withdraw the money in his retirement fund from the bankrupt airline. He had been terminated by Braniff before he sent this letter. Thus, his loss of his position with that airline was not because of a voluntary resignation, which would make the EPP inapplicable. The EPP did not require Gonzalez to seek reemployment with Braniff, and says nothing of the effect of Gonzalez' employment with a non-covered airline on his EPP rights. *See* 49 U.S.C.App. § 1552(d)(1). The district court did not err in determining that Gonzalez was covered by the EPP.

## CONCLUSIONS

The district court erred in applying the six-month statute of limitations contained in section 10(b) of the NLRA to Gonzalez' claims under the EPP. On remand, the district court should apply the two-year statute of limitations provided by Haw.Rev. Stat. § 657–11, as amended. With the application of this period, his suit would be timely for any claim arising on or after February 13, 1984. None of the claims here at issue are time barred.

AFFIRMED IN PART; REVERSED IN PART.