Charles **BOWDRY**, et al.,

v.

**UNITED AIR LINES, INC.**

No. 88–S–1997.

United States District Court,
D. Colorado.

March 18, 1994.

John Mosby, Elisa Moran, Denver, CO, for plaintiff.

Michael Nosler, Kris Kostolansky, Rothgerber, Appel & Powers, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

SPARR, District Judge.

THIS MATTER comes before the court on United's Motion for Summary Judgment Re: Notification, filed January 7, 1994. The court has reviewed the motion, the Plaintiffs' response, the entire case file, the exhibits and affidavits, the arguments presented by counsel in open court on March 3, 1994, and the applicable law and is fully advised in the premises.

The single remaining claim in this case was brought pursuant to the Airline Deregulation Act (the Act). 49 U.S.C. § 1552; 29 C.F.R. § 220. Section 1552(d)(1) provides in pertinent part:

**(d) Duty to hire protected employees.** (1) Each person who is a protected employee of an air carrier which is subject to regulation by the Civil Aeronautics Board who is furloughed or is otherwise terminated by such an air carrier (other than for cause) prior to the last day of the 10–year period beginning on the date of the enactment of this section [enacted Oct. 24, 1978] shall have first right of hire, regardless of age, in his occupational specialty, by any other air carrier hiring additional employees which held a certificate issued under Section 401 of the Federal Aviation Act of 1958 [49 U.S.C.S. § 1371] prior to such date of enactment. Each such air carrier hiring additional employees shall have the duty to hire such a person before they hire any other person, except that such air carrier may recall any of its own furloughed employees before hiring such a person....

It is undisputed that the Plaintiffs in this case were all protected employees under the Act.

In this motion, United argues that an employee protected by the Act must notify a potential employing carrier of his or her protected status during the application process in order to invoke the first right of hire. United asserts that Plaintiffs Bowdry, Burger, Ralph Estill, Russell Estill, Hartzer, Kennon, Mach, Mullins, and Vannice did not notify United during the application process of their protected status under the Act. With the exception of Bowdry, these Plaintiffs can present no evidence that they notified United of their protected status during the application process.

This court previously denied a similar motion for summary judgment by United (January 18, 1991 Memorandum Opinion and Order), finding the caselaw inconclusive on the issue. However, based upon further refinement of the arguments and further review, the court revisits the issue in this motion.

The Plaintiffs have argued and continue to argue that a protected employee need only provide notice to the potential employing carrier *upon request,* citing 29 C.F.R. § 220.-30(c). (Emphasis added). Plaintiffs further argue that because § 220.30 describes only four responsibilities of designated employees and does not specifically require designated employees to notify prospective employers of their protected status, the court may not impose a notification requirement. The Plaintiffs also argue certain policy considerations—that because Congress did not intend the burden of airline deregulation to fall on the employees, United should bear the bur-

den of determining the status of prospective employee by: (1) asking for the necessary information on its application forms; (2) searching its Department of Labor list of protected employees for the names of its applicants; and/or (3) deducing the protected status of its applicants by the work history indicated on their applications.

First, it is important to distinguish between United's notification argument and the "notice of rights" that must be furnished if requested pursuant to 29 C.F.R. 220.30(c). The Plaintiffs argue that the regulations only require each designated employee "[T]o provide a copy, *if requested,* of the notice of rights to a potential employing air carrier." 29 C.F.R. 220.30(c). (Emphasis added). United's position is that an applicant must first somehow notify the potential employing carrier during the application process of his or her rights under the Act and his or her intent to invoke those rights. Then only if requested, need the applicant furnish a copy of the notice of rights as proof of the claimed protected status.

■ The notification issue before the court is not resolved by 29 C.F.R. 220.30(c). Once a prospective employing carrier is notified of an applicants' protected status, the notice of rights letter is used as a mechanism to verify an employee's protected status as eligible for a right of first hire. *See Long v. Trans World Airlines, Inc.,* 913 F.2d 1262, 1267 (7th Cir.1990). The notice of rights letter is not used to initially notify a potential employing carrier that an applicant is asserting his or her first right of hire under the Act. The prospective employing carrier will not know which applicants to treat as protected employees unless the applicants claim their protected status during the application process.

Although the law on this specific notification issue is sparse, there are some clear statements that a protected employee must inform the prospective employing carrier of his or her intent to assert the first right of hire. In *Gonzalez v. Aloha Airlines, Inc.,* 940 F.2d 1312, 1314 (9th Cir.1991), the court noted that the first right of hire takes effect when a protected employee *"informs another airline with whom he or she is seeking em-*

*ployment that the EPP apllies."* (Emphasis added). Although this was not the central issue or the holding in the case, neither was it merely dictum. In *Crocker v. Piedmont Aviation, Inc.,* 696 F.Supp. 685, 693 (D.D.C. 1988), the court stated that "[I]t certainly seems clear enough that at a minimum, it was up to Crocker to apply to Piedmont in order to claim his right of first hire under section 43, *to inform Piedmont of this protected status,* and to take sufficient steps to keep his application active for as long as he wished to maintain his section 43 rights." (Emphasis added). While this language also was not the holding of the case, it was part of the court's analysis of the merits of Crocker's claim under the Act and cannot be discounted as mere dictum. Finally, in an opinion addressing whether an applicant must indicate his or her protected status in response to a specific question on an employment application, the Department of Labor noted that the Act and the regulations "assume that a designated employee will seek to exercise his or her right of first hire." (U.S. Dept. of Labor opinion letter dated June 20, 1991, Exhibit M to Defendant's Motion for Summary Judgment). The Department stated in that opinion letter that "[I]ndividuals are not assigned designated employee status, they *claim* the status...." (Emphasis added).

■ The court agrees with the logic of the aforementioned opinions. In order to afford an applicant his or her first hire rights under the Act, the prospective employing carrier must be informed that the applicants are claiming their rights. Contrary to the Plaintiffs' arguments, the court can find no legal mandate that United has the duty to discover an applicant's protected status in the absence of notification by the applicant. Neither the Act, the regulations, the caselaw, nor common sense require the court to impose upon United a duty to take affirmative action to ensure that an applicant's first hire rights are exercised. In the absence of any statutory or other legal directive, the court declines to impose such a duty upon United. Accordingly, the court concludes that Plaintiffs Burger, Ralph Estill, Russell Estill, Hartzer, Kennon, Mach, Mullins, and Vannice are not

entitled to bring this action against United for violation of their rights under the Act.

United acknowledges that material issues of fact remain as to whether Plaintiffs Hart, Howard, and Rankin notified United of their protected status. The court finds that material issues of fact also remain as to whether Plaintiff Bowdry notified United of his protected status during the application process. Accordingly,

IT IS ORDERED:

1. United's Motion for Summary Judgment Re: Notification is **GRANTED** in favor of Defendant United and against Plaintiffs Burger, Ralph Estill, Russell Estill, Hartzer, Kennon, Mach, Mullins, and Vannice on the single remaining claim in the complaint for violation of 49 U.S.C. § 1552(d).

2. United's Motion for Summary Judgment Re: Notification is **DENIED** as to Plaintiff Bowdry.

3. The Clerk of the Court is hereby directed to enter judgment in favor of Defendant United and against Plaintiffs Burger, Ralph Estill, Russell Estill, Hartzer, Kennon, Mach, Mullins, and Vannice on the single remaining claim in the complaint for violation of 49 U.S.C. § 1552(d).