77 F.3d 493
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Debra L. SMITH, Plaintiff-Appellant,
and
Theresa A. SENDER, Plaintiff,
v.
UNITED PARCEL SERVICE OF AMERICA, INC., Defendant-Appellee.
 No. 95-2027.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1996.
 
 Before PORFILIO, KELLY, and LUCERO, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Debra L. Smith appeals from the following three rulings entered by the district court pertaining to her case brought pursuant to 42 U.S.C.2000e through 2000e-17 (Title VII):(1) plaintiff was not entitled to a jury trial under the provisions of the Civil Rights Act of 1991, 42 U.S.C.1981a(c)(Act); (2) some evidence of discriminatory conduct occurring before January 1990 was excluded; and (3) evidence of other lawsuits or administrative charges filed against defendant was excluded. We affirm.
 
 
 3
 We review de novo the district court's determination of the legal issue of plaintiff's jury trial right. Bowdry v. United Airlines, Inc., 58 F.3d 1483, 1489 (10th Cir.1995). A plaintiff is not entitled to a jury trial in a Title VII case unless the discriminatory conduct occurred after the effective date of the Act, November 21, 1991. Landgraf v. USI Film Prods., 114 S.Ct. 1483, 1505-06, 1508 (1994). Here, plaintiff alleges that defendant's discriminatory conduct occurred both before and after the effective date of the Act, and therefore, she is entitled to the Act's jury trial provision. Plaintiff's appendix does not support her claims that prohibited conduct occurred after November 21, 1991. It contains only plaintiff's statement that her employment with defendant ended in early 1992. Aplt.App. at 152. Because plaintiff has presented no evidence that any discriminatory conduct occurred after the effective date of the Act, the district court correctly determined she was not entitled to a jury trial.
 
 
 4
 We turn to plaintiff's evidentiary complaints. Plaintiff's appendix does not contain the district court's challenged evidentiary rulings. Therefore, we must affirm. United States v. Vasquez, 985 F.2d 491, 494-95 (10th Cir.1993)(failure to provide court of appeals with trial transcript precludes review of evidentiary rulings); Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979-80 (10th Cir.1992)(we must affirm if evidentiary record is insufficient to permit assessment of appellant's claims of error).
 
 
 5
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3