112 F.3d 516
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ramon KETRING, Plaintiff-Appellant,
v.
NORTHWEST AIRLINES, INC., Defendant-Appellee.
 No. 96-16006.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 24, 1997.
 
 Before BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ramon D. Ketring appeals the district court's dismissal of his action against Northwest Airlines, Inc. ("Northwest"). Ketring sought back wages and benefits because of alleged violations arising under the Employee Protection Program ("EPP") of the Airline Deregulation Act ("ADA"), 49 U.S.C. §§ 42101-06.[1] The district court dismissed Ketring's action for failure to state a claim, holding that Ketring's action was time-barred. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Washington v. Garrett, 10 F.3d 1421, 1428 (9th Cir.1994), and we vacate and remand.
 
 
 3
 Ketring contends that the district court erred by dismissing his action as time barred. We apply the state statute of limitations in an action brought under the EPP. See Gonzalez v. Aloha Airlines, Inc., 940 F.2d 1312, 1315 (9th Cir.1991). The applicable statute of limitations in this case is Ariz.Rev.Stat. § 12-541(3) which provides for a one year period to file an action.[2]
 
 
 4
 Ketring's cause of action accrued when he knew or had reason to know of his injury. See Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir.1996). The district court held that Ketring's cause of action accrued on June 1, 1994. The district court based this determination on a letter dated June 1, 1994 from Ketring's union notifying Ketring that the union would no longer process his grievance. Because Ketring did not file his complaint until June 5, 1995, the district court dismissed his action as time-barred.
 
 
 5
 Based upon a review of the record before us, we cannot determine when Ketring knew or should have known of his injury to determine when his cause of action accrued.[3] Because Ketring was pro se at the time the district court dismissed his action[4] the district court should have given Ketring notice of his complaint's deficiencies and allowed him leave to file an amended complaint, unless the district court determined that amendment would be futile. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). Here, the district court failed to provide Ketring notice of his complaint's deficiencies and an opportunity to file an amended complaint. Furthermore, as noted above, we cannot conclude that amendment would be futile because it cannot be definitively determined that Ketring could not amend his complaint to assert a timely claim under the EPP. See id.
 
 
 6
 Accordingly, we vacate the district court's order dismissing Ketring's action and remand for the district court to allow Ketring leave to amend his complaint. See id.
 
 VACATED and REMANDED.[5]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "The EPP guarantees a 'first right of hire' to certain airline employees who were terminated between October 24, 1978 and October 24, 1988." Gonzalez v. Aloha Airlines, Inc., 940 F.2d 1312, 1314 (9th Cir.1991)
 
 
 [2]
 Section 12-541(3) prescribes the statutory period for any cause of action "upon a liability created by statute, other than a penalty or a forfeiture."
 
 
 [3]
 We express no opinion whether the statute of limitations on Ketring's action commenced to run on or about April 13, 1987, the date Northwest allegedly failed to notify Ketring of his protected status under the EPP. See Harris v. Alumax Mill Products, Inc., 897 F.2d 400, 403 (9th Cir.1990); Conley v. International Brotherhood of Electrical Workers, Local 639, 810 F.2d 913, 915 (9th Cir.1987)
 
 
 [4]
 Ketring has retained counsel on appeal
 
 
 [5]
 Because the district court dismissed Ketring's action solely on the basis of his action being untimely under the applicable statute of limitations, we do not decide whether Ketring failed to state a claim under the EPP